# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50390

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2017

Lyle W. Cayce
Clerk

BLAYNE WILLIAMS,

> Plaintiff - Appellant

v.

CITY OF AUSTIN,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-695

Before PRADO, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Police Officer Blayne Williams appeals the district court's grant of summary judgment on his discrimination, retaliation, and harassment claims against the City of Austin. Having read the briefs, reviewed the record, and heard oral arguments, we AFFIRM.

As to his claim that he was suspended and denied promotions because he is African-American, Williams does not make out a prima facie case. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50390

tries to do so by pointing to Frank Corpus (Hispanic) and Richard Will (white)—Austin Police Officers he alleges were similarly situated but treated more favorably.  Corpus's and Will's disciplinary history, however, is not comparable to Williams's. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).  Williams previously sustained a serious policy violation that could have resulted in an indefinite suspension.  Corpus, on the other hand, only had a prior one-day suspension.  And Will seemingly had no discipline history.  This makes Corpus and Will unsuitable comparators.

Williams's retaliation claim likewise fails.  Assuming Williams has established a prima facie case of retaliation, the City offers a nonretaliatory reason for Williams's suspension: his discipline history.  And we are not satisfied that Williams's evidence creates "a conflict in substantial evidence" on the ultimate issue of but-for causation (in other words, it does not show the City's reason is pretextual).  *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 658 (5th Cir. 2012).  This is true even considering the affidavits Williams provides from three former police officers making vague allegations that the police chief previously chastised other employees who opposed his actions.  Our cases require more to create a fact issue on pretext.  *See, e.g., Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408–09 (5th Cir. 1999); *see also Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001).

Finally, Williams's evidence falls well short of establishing the severe or pervasive harassment necessary to make out a claim of a hostile work environment.  *Ramsey v. Henderson*, 286 F.3d 264, 269–70 (5th Cir. 2002).

We AFFIRM the judgment of the district court.

2